**227 P.2d 1007**

**UNITED STATES FIDELITY & GUARANTY CO. v. FROHMILLER et al.**

**No. 5233.**

Supreme Court of Arizona.

Feb. 26, 1951.

378

Shimmel, Hill & Hill, Phoenix, for appellant.

Stahl & Murphy, Charles L. Strouss and T. G. McKesson, Phoenix, for appellees.

UDALL, Chief Justice.

This appeal involves simply a matter of statutory construction. The question presented is whether attorneys' fees are included within the term "all damages" as used in Section 12–503, A.C.A. 1939, a statute first enacted half a century ago, R.S. 1901, Secs. 277, 278.

Since the instant case grows out of a prior action in which the same parties were involved, we deem it essential to set forth the background giving rise to this appeal. Under the terms of Section 12–503, supra, one John S. Crozier, a Winslow taxpayer, instituted an action against various state officers and their sureties to recover state moneys which he alleged had been illegally paid out by them. Pursuant to the terms of the statute, Crozier executed and filed a bond payable to the officers in the sum of $2,000. Defendant-appellant, United States Fidelity and Guaranty Company, a corporation, hereafter called defendant, was surety thereon. This court affirmed the judgment of

the superior court dismissing Crozier's complaint in that action upon the basis that a constitutional appropriation justified the questioned expenditure of the public funds involved, Crozier v. Frohmiller, 65 Ariz. 296, 179 P.2d 445.

Thereafter the present suit was filed by two of the state officers and all of the sureties, plaintiffs-appellees, against Crozier and defendant company. Plaintiffs claimed that they had suffered damages to the extent of $2,850 for attorneys' fees incurred in the defense of the prior action and that such damages were recoverable from defendant on his bond given under the terms of Section 12–503, supra.

In the present action Crozier failed to answer. The defendant company moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The motion was denied; defendant elected to stand on its motion and judgment was rendered against both Crozier and defendant surety for the full amount of the bond. The present appeal is from that judgment.

Section 12–503, supra, provides: "If the attorney-general shall for sixty (60) days after request made by any taxpayer of the state in writing, fail to institute such action (for the recovery of illegally paid state money), then any taxpayer of the state may institute such action in his own name and at his own cost, with the same effect as if brought by the attorney-general; *provided, the person instituting such action shall execute a bond payable to the defendant in such action, conditioned that if the plaintiff shall fail to prosecute such action with diligence and to effect, that the plaintiff will pay all damages sustained by the defendant by reason of such action and all costs incurred therein.* If any such taxpayer shall prevail the court shall allow him *costs and reasonable attorney's fees,* not to exceed forty (40) per cent of the amount recovered or saved to the state, as the case may be." (Emphasis supplied.)

On the one hand plaintiffs contend that attorneys' fees incurred in the successful defense of such an action are included within the words "all damages sustained by the defendant by reason of such action" and hence are recoverable in a subsequent action. On the other hand defendant contends that attorneys' fees are not "damages" within the meaning of the statute and hence are not recoverable.

As a general rule attorneys' fees are not recoverable either in the same or a subsequent action unless provided for by statute or by agreement of the parties, Stapley v. Rogers, 25 Ariz. 308, 216 P. 1072; 15 Am.Jur., Damages, Sec. 142; 25 C.J.S., Damages, § 50. However, to this general rule there are certain well-recognized exceptions. Among these are those allowing attorneys' fees in actions on attachment or injunction bonds or in actions for damages for wrongful attachment or injunction, 15 Am.Jur., Damages, Sec. 143. In Williams v. Fidelity & De-

posit Co., 42 Colo. 118, 93 P. 1119, 1120, it is stated: "* * * The reason usually given for awarding as damages counsel fees incurred for services rendered in dissolving injunctions and writs of attachment is that they are provisional or extraordinary remedies, ancillary to the main purpose of the suit, and, as the granting of the writ secures to the applicant some privilege or right not incident to ordinary remedies, it is but reasonable to hold that 'damages,' as used in the bond upon which the granting of the writ is conditioned, embraces attorney's fees."

In such cases, however, attorneys' fees are limited to those required for procuring the dissolution of said writs and not for the general defense of the case, Jacobson v. Laurel Canyon Mining Co., 27 Ariz. 546, 234 P. 823; Mason Dry Goods Co. v. Ackel, 30 Ariz. 7, 243 P. 606; Hammond v. A. J. Bayless Markets, 58 Ariz. 58, 117 P.2d 490.

Another noteworthy exception to the general rule is stated in 15 Am.Jur., Damages, Sec. 144: "It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages."

Illustrative of the application of this exception is the case of Massachusetts Bonding & Ins. Co. v. Lentz, 40 Ariz. 46, 9 P.2d 408. And this court has frequently recognized and enforced contracts to pay attorneys' fees, particularly in foreclosure cases. See Federal Land Bank v. Warner, 42 Ariz. 201, 23 P.2d 563, reversed 292 U.S. 53, 54 S.Ct. 571, 78 L.Ed. 1120, and cases cited therein.

Generally, the tendency of the courts is not to extend the meaning of "damages" to include such elements as attorneys' fees. In the instant case the statute does not expressly allow defendant officers an attorney's fee and there was no contract between the parties directly providing for same, nor does the case seemingly fall within any of the recognized exceptions to the general rule. Thus, the question ultimately presented is whether attorneys' fees are encompassed within the term "damages" as used in the statute in question.

It should be noted that by the terms of Section 12–503, supra, "reasonable attorney's fees" are expressly authorized for the plaintiff taxpayer in case he prevails in the action, but there is no express provision allowing a defendant officer attorneys' fees, unless included within the term "all damages" is an authorization for attorneys' fees to be awarded a prevailing defendant. This latter is the construction urged upon this court by plaintiffs, yet no

authorities directly in point have been cited in support thereof.

Since the legislature expressly provided for attorneys' fees in clear and unmistakable language in the case of a prevailing plaintiff taxpayer but made no such provision for a public officer who successfully defended an action brought against him, we believe that the legislature thereby indicated that the term "all damages" was not to be construed as including attorneys' fees. Had the legislature intended under the statute to authorize the payment of attorneys' fees to prevailing defendant officers, certainly it would have included such a provision in plain and unambiguous terms. This it did not do.

In the case of Austin v. Barrett, 41 Ariz. 138, 16 P.2d 12, under a companion statute, Section 17–326, A.C.A. 1939, applying to county boards of supervisors, it was claimed that the allowance of an attorney's fee to the plaintiff was unconstitutional. This court, speaking through Mr. Justice Lockwood, sustained the allowance of an attorney's fee on the ground that it constituted a penalty for the violation of a statute and was not part of the costs. Therein this court stated that the statute itself differentiates between "costs" and "attorney's fees". In the present case, the legislature has provided for "costs" and "attorney's fees" to a prevailing plaintiff taxpayer, but limited a defendant officer's recovery to "damages" and "costs",

thereby excluding the payment of attorneys' fees to defendants in the original action as well as in a subsequent suit predicated upon the bond given in the first instance.

To hold otherwise would emasculate the statute. The plain legislative intent in enacting the statute was to encourage the recovery of state money illegally expended. It provides an efficient and adequate remedy whereby a taxpayer may recover unauthorized expenditures of state moneys by those officers who by virtue of their official positions are charged with the public trust of approving, auditing, allowing, or paying claims or demands out of state funds. This statute, with its companion statute applying to county officers, provides a beneficial and effective method of keeping public officers who deal with taxpayers' money from expending public moneys except as authorized by law. See, e. g., Valley Bank & Trust Co. v. Proctor, 47 Ariz. 77, 53 P.2d 857; Avery v. Pima County, 7 Ariz. 26, 60 P. 702; Webster v. Parks, 17 Ariz. 383, 153 P. 455; Hartford Accident & Indemnity Co. v. Wainscott, 41 Ariz. 439, 19 P.2d 328; Austin v. Barrett, supra.

But, plaintiffs argue, the purpose and intent of the statute in requiring a taxpayer to execute such a bond is to discourage and prevent the bringing of unfounded and unjustified actions against public officials and fully to protect and save harmless said officers from expenditures

382

entailed by reason of defending such actions. This, of course, is true, but unfortunately for plaintiffs the "damages" suffered by a public officer do not include attorneys' fees.

The evident purpose of the statute is to provide taxpayers with a remedy, containing a stiff penalty, for the protection of the public against unauthorized disbursements of public moneys by those who by virtue of their public trust and as part of their official duties are charged in some manner with the expenditure of public funds. Thus a public officer, knowing that every expenditure will be closely scrutinized by the taxpaying public, will be loath to make illegal payments of public funds.

A public officer is not without protection from groundless and unjustified suits. He has the same civil remedies and the same right to relief from unfounded actions as any private citizen has. See, e. g., Ackerman v. Kaufman, 41 Ariz. 110, 15 P.2d 966. The fact that he, for the time being, may hold a public office neither places him above nor below a private citizen in this respect. An officer is charged with knowledge when he aspires to public office that his actions may be closely watched when he deals with public moneys. It is one of the burdens, if such it be, that must be assumed with the benefits of the office.

A taxpayer who brings suit against a public officer to recover money he believes was illegally paid out may be mistaken and fail in his action. Judgment may go in favor of the official, as in the action out of which this suit arose. But the taxpayer in bringing suit seeks no privilege or right beyond the ordinary civil remedy provided in the statute. If he fails, he must pay not only his own costs and attorneys' fees, but the costs and damages suffered by the officer as a result of his action. This court, without a clearly expressed legislative mandate to make him liable for attorneys' fees paid by the public officer, will not extend the taxpayer's burden beyond that imposed under the terms of the statute.

Judgment reversed with direction to dismiss plaintiffs' complaint.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.