700 P.2d 901

**George PROCTOR, Plaintiff/Appellant,**

v.

**Cesar PARADA, Defendant/Appellee.**

**No. 2 CA–CIV 5207.**

Court of Appeals of Arizona, Division 2, Department B.

April 11, 1985.

Smitherman & Sacks by William C. Smitherman, Tucson, for plaintiff/appellant.

Bolding & Zavala by Michael O. Zavala, Tucson, for defendant/appellee.

OPINION

LACAGNINA, Judge.

In this case the trial court denied Proctor's petition for writ of quo warranto and

204

awarded Parada $2,000 in damages incurred as attorney's fees. Proctor claimed he was the representative of the Santa Cruz County Board of Supervisors on the Santa Cruz Board of Health and that Parada's appointment was invalid. Proctor's term as supervisor ended December 31, 1984, and he was not reelected.

There is no salary for serving on the Board of Health, and the damage award was based solely on Parada's attorney's fees incurred in the action. We reverse the award for Parada's attorney's fees.

■ The question of which party was the proper representative of the Santa Cruz County Board of Supervisors on the Board of Health is moot given the expiration of Proctor's term as supervisor. We take judicial notice of election results filed with the secretary of state of the State of Arizona. *Adams v. Bolen*, 74 Ariz. 269, 247 P.2d 617 (1952).

This action was adjudicated pursuant to Arizona Revised Statute § 12–2044 which provides in part:

"The judgment given shall adjudge who is entitled to office. If judgment is given awarding the right to the office to the person alleged to be entitled thereto, he may recover the damages which he has sustained by reason of the usurpation of the office by defendant."

■ Attorney's fees may only be awarded where agreement of the parties so provides or where specifically authorized by statute. *Sellinger v. Freeway Mobile Home Sales*, 110 Ariz. 573, 521 P.2d 1119 (1974); *U.S. Fidelity & Guaranty Co. v. Frohmiller*, 71 Ariz. 377, 227 P.2d 1007 (1951); *Earven v. Smith*, 127 Ariz. 354, 621 P.2d 41 (App.1980).

■ In the absence of statutory authority to specifically provide for the payment of attorney's fees in a quo warranto proceeding, none can be awarded. Damages under the predecessor to A.R.S. § 12–2044 were awarded for lost salary while the prevailing party was out of office. *Post v. Wright*, 37 Ariz. 105, 289 P. 979 (1930). Parada asks us to interpret *U.S. Fidelity &*

*Guaranty Co.*, supra, as supporting his claim for attorney's fees as damages. We cannot. That case supports our opinion. The court said:

"Since the legislature expressly provided for attorneys' fees in clear and unmistakable language in the case of a prevailing plaintiff taxpayer but made no such provision for a public officer who successfully defended an action brought against him, we believe that the legislature thereby indicated that the term 'all damages' was not to be construed as including attorneys' fees. Had the legislature intended under the statute to authorize the payment of attorneys' fees to prevailing defendant officers, certainly it would have included such a provision in plain and unambiguous terms. This it did not do." 71 Ariz. at 381, 227 P.2d at 1009.

Likewise, in A.R.S. § 12–2044, the legislature provided for the recovery of damages, and attorney's fees are not included as "damages" by the statute.

REVERSED.

BIRDSALL, C.J., and LIVERMORE, J., concur.