788 P.2d 127

**In the Matter of the ESTATE OF Harold GROVES, Deceased.**

**No. 2 CA–CV 89–0143.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 8, 1990.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by James M. Sakrison, Tucson, for appellant.

Sammons & Sammons by Laurel B. Sammons and Randall M. Sammons, Tucson, for appellee.

OPINION

FERNANDEZ, Chief Judge.

The single issue raised in this appeal is the authority of the probate court to order appellant to personally pay attorney's fees to appellee. We find that it has no authority to enter such an order and reverse.

Appellant Lloyd Groves was the brother of Harold Groves who died February 28, 1988. Appellee is the surviving spouse. She and decedent were married July 20, 1982. Decedent left a will executed March 12, 1981, in which he left two devises of $7,500 each to a great niece and great nephew and the remainder to his brother Lloyd and sister-in-law Carmen. Appellant was named personal representative in the will.

Appellee filed an application for informal appointment of personal representative that was denied. She then filed a petition for adjudication of intestacy, alleging that decedent's will was revoked pursuant to A.R.S. § 14–2301 by reason of his later marriage to her. The hearing on that petition was continued, and appellee then filed an amended petition for formal probate of the will and an adjudication of intestacy. Appellant opposed the petition, contending that decedent had provided for appellee outside the will by placing approximately $70,000 in joint tenancy bank accounts with her and by informing him that she was to live in the family residence until her death.

After a two-day court trial, the court ruled that decedent died testate; that pursuant to A.R.S. § 14–2301 appellee was entitled to an intestate share as an omitted spouse, a share that amounts to the entire estate; that the evidence was insufficient to prove that decedent intended to provide for appellee outside the will; that the remainder of the will was valid; and that appellant had priority to be appointed personal representative. The will was admitted to probate, and appellant was appointed personal representative. The court also awarded appellee her attorney's fees and costs.

Appellant objected to the award, arguing that the court lacked authority to make such an award. The court ruled that "it has discretion to award attorney's fees to Jean Groves to reimburse her for preserving her rights as omitted spouse, and that the award should be against Lloyd Groves personally." The amount of the award is $5,182.95.

Appellant argues that the court had no authority to impose the fee award, noting the rule in Arizona that attorney's fees may only be awarded if an agreement between the parties so provides or if a statute expressly authorizes it. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119 (1974); *Proctor v. Parada*, 145 Ariz. 203, 700 P.2d 901 (App.1985); *Earven v. Smith*, 127 Ariz. 354, 621 P.2d 41 (App.1980). The only statute in the probate code that authorizes an attorney's fee award is A.R.S. § 14–3720. Appellee concedes that statute is not applicable here.

Appellee contends first that the award is authorized by A.R.S. § 12–341.01(C), arguing that appellant's actions in seeking to have the will declared fully valid was not meritorious. The award, however, cannot be supported by that statute. The supreme court has held that when a trial court makes a fee award pursuant to § 12–341.01(C), it must make express findings as to the presence of all three statutory elements as well as its finding that the evidence on those elements is clear and convincing. *State v. Richey*, 160 Ariz. 564, 774 P.2d 1354 (1989). The trial court here stated only that it had "discretion" to award fees. We also note that statute was never mentioned below.

Appellee next contends that the court had authority pursuant to A.R.S. § 14–1103. That statutes provides:

Unless displaced by the particular provisions of this title, the principles of law and equity supplement its provisions.

Appellee argues that she is entitled to the fee award under equitable principles, citing *In re Estate of Brown*, 137 Ariz. 309, 670 P.2d 414 (App.1983). We disagree. In that case, the beneficiaries sought to have attorney's fees paid from the estate, and the award was upheld on the equitable common fund theory of recovery. The court observed that this rule is "a recognized exception to the rule that attorney's fees in Arizona are allowed pursuant only to statute or contract." 137 Ariz. at 312, 670 P.2d at 417. Nothing in the facts of this case brings it under the common fund theory of recovery, "that a person or persons who employ attorneys for the preservation of a common fund may be entitled to have their attorney's fees paid out of that fund." *Id.*

We agree with appellant that the trial court had no authority to award appellee attorney's fees. The award is vacated.

LIVERMORE, P.J., and LACAGNINA, J., concur.