380 P.3d 677

**Rostislav "Rusty" KLESLA and Kristyna Kleslova, Plaintiffs/Appellants,**

v.

**Ron WITTENBERG, a single person, Defendant/Appellee.**

No. 1 CA–CV 14–0568

Court of Appeals of Arizona, Division 1.

FILED 8/18/2016

Mark A. Tucker, P.C., Mesa, By Mark A. Tucker, Counsel for Plaintiffs/Appellants

Manolio & Firestone, PLC, Scottsdale, By Veronica L. Manolio, John C. Shorb, Counsel for Defendant/Appellee

Presiding Judge Jon W. Thompson delivered the opinion of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

## OPINION

THOMPSON, Presiding Judge:

¶ 1 Appellants Rostislav Klesla and Kristyna Kleslova (the Kleslas) appeal from the trial court's order denying their motion for judgment on an arbitrator's award. For the following reasons, we affirm the decision of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In 2011, the Kleslas entered into a lease agreement (the lease) to rent Ron Wittenberg's residential property in Scottsdale for an initial nine-month lease period. After an initial rent payment, the monthly rental payment was $5495 per month. Pursuant to the lease, the Kleslas put down a $10,990 security deposit. The lease contained the following attorneys' fees and costs provision:

> The prevailing party in any dispute or claim between Tenant and Landlord arising out of or relating to this Agreement shall be awarded all their reasonable attorney fees and costs. Costs shall include, without limitation, expert witness fees, fees paid to investigators, and arbitration costs.

¶ 3 After the initial lease period expired, the Kleslas continued to rent the residence on a month-to-month basis. Subsequently, they moved out and requested the return of their security deposit. Wittenberg declined to return the deposit and the Kleslas filed a complaint in superior court seeking recovery of their deposit, statutory treble damages, and punitive damages for alleged fraud committed by Wittenberg. In their complaint, the Kleslas sought attorneys' fees and costs "pursuant to the parties contract, and A.R.S. §§ 12-341 and 12-341.01." Wittenberg answered and filed a counterclaim for unpaid rent and alleged damage to the property.

440

The case was assigned to an arbitrator for compulsory arbitration due to the amount in controversy. *See* Ariz. R. Civ. P. 72(b).

¶4 The arbitrator held a hearing in November 2013. The arbitrator signed and filed an arbitration award in early December 2013 awarding the Kleslas $10,000 on their complaint and Wittenberg $904 on his counterclaim. The arbitrator did not award attorneys' fees or costs to either party. Neither party timely appealed from the arbitration award, and the deadline to do so passed in late December 2013. *See* Ariz. R. Civ. P. 77.

¶5 In mid-January 2014, the Kleslas filed a motion in superior court entitled "Expedited Motion for Filing of Decision of Arbitrator and Amended Arbitration Award." The motion requested the arbitrator to 1) enter a notice of decision rather than an arbitration award, 2) change the amount awarded to the Kleslas to $10,990, to be reduced by the $904 awarded to Wittenberg for a total award of $10,086, and 3) "permit the parties the opportunity to submit and weigh in on the award of attorney[s'] fees and costs...." Wittenberg opposed the motion, arguing that the arbitrator was divested of jurisdiction.

¶6 On March 7, 2014, the arbitrator filed a notice of decision awarding the Kleslas $10,000 plus interest and Wittenberg $904 plus interest. The notice of decision further advised the parties to submit applications for an award of attorneys' fees by March 21, 2014. The Kleslas filed an application for award of attorneys' fees and costs seeking $8820 in attorneys' fees plus costs. Wittenberg sought $9253 in attorneys' fees plus costs.

¶7 On April 2, 2014, the Kleslas filed a motion for entry of judgment and request for extension which requested "entry of judgment on eventual Award of Arbitrator which shall be filed" and asked the trial court to "continue its consideration until after the entry of the anticipated final arbitration award."

¶8 On April 11, 2014, the arbitrator filed an "Amended Arbitration Award" awarding

Wittenberg $904 plus interest and the Kleslas $10,000 plus interest, $8820 in attorneys' fees, and $758 in costs. Subsequently, the Kleslas filed an amended motion for judgment on amended award of arbitrator, noting the April 11 Amended Arbitration Award.

¶9 In May 2014, the trial court denied the Kleslas' amended motion for judgment on amended award of arbitrator. The court found that 1) the December 2013 arbitration award was never appealed, and 2) the filing of the December 2013 arbitration award divested the arbitrator of jurisdiction and therefore the March notice of decision and the April 11 amended arbitration award were nullities. However, the court granted the Kleslas' April 2 request for extension for entry of judgment, giving the Kleslas until June 6, 2014 to submit a request for entry of judgment on the original December 2013 arbitration award.

¶10 On May 23, 2014, the Kleslas filed a "Motion for Judgment on Amended Award of Arbitrator." In their motion, the Kleslas sought entry of judgment on the December 2013 arbitration award but requested attorneys' fees and costs. Wittenberg filed a response asking the trial court to deny the Kleslas' request for attorneys' fees and costs, the Kleslas replied, and the trial court denied the motion.

¶11 After entry of an appealable order, we have jurisdiction over the Kleslas' timely appeal pursuant to A.R.S. § 12–2101(A)(1) (2010).

**DISCUSSION**

¶12 The Kleslas argue that the trial court abused its discretion by dismissing the case rather than entering judgment on the December 2013 arbitration award.[1] They further argue that the trial court erred by not awarding them attorneys' fees. We review the trial court's decision whether to confirm an arbitration award for an abuse of discretion. *Canon Sch. Dist. No. 50 v. W.E.S. Const. Co., Inc.*, 180 Ariz. 148, 150, 882 P.2d

1. Although the Kleslas claim the trial court dismissed the matter, the court's decision denying their May 2014 motion for judgment did not include a dismissal. Nevertheless, it is true that the time for requesting confirmation has since passed and dismissal is required. *See* Ariz. R. Civ. P. 76 (d).

1274, 1276 (1994). Likewise, we review the denial of an award of attorneys' fees for an abuse of discretion. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570–71, 694 P.2d 1181, 1184–85 (1985).

¶ 13 The Kleslas argue that their May 2014 "Motion for Judgment on Amended Award of Arbitrator" contained a typographical error in the caption and that they were not seeking judgment on the April 11, 2014 amended arbitration award which was invalid but rather on the December 2013 arbitration award. While the May 2014 motion requested the trial court to enter judgment on the December 2013 arbitration award, the motion further requested "leave ... to obtain an additional award for [the Klesla's] court costs and attorney fees as the prevailing party in this contested action arising from a written contract." The mislabeling of the Klesla's motion is not the problem here. The text of the motion is clear that the Kleslas wanted a judgment entered on the December 2013 original award and **also** attorneys' fees, that is, what they would have received pursuant to the invalid "Amended Arbitration Award." The record in this case indicates that the Kleslas never asked the trial court for judgment on the December 2013 award without also asking for attorneys' fees, and yet they were not awarded attorneys' fees in that award.[2] Because the Kleslas sought a judgment encompassing more than what they were awarded in the original award the trial court did not abuse its discretion in denying the motion. The Kleslas could have appealed the original award and sought attorneys' fees at trial but they never did so.

¶ 14 The Kleslas request an award of attorneys' fees and costs on appeal in accordance with the lease agreement and A.R.S. § 12–341.01. Wittenberg requests attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12–341.01 and 12–342. We deny the Kleslas' request because they are not the successful party on appeal. In our discretion, we decline to award attorneys' fees to Wittenberg. Wittenberg is, however, entitled his costs upon compliance with ARCAP 21.

## CONCLUSION

¶ 15 For the foregoing reasons, we affirm the trial court's decision denying the Kleslas' motion for judgment on the arbitration award.

2. In their reply regarding the May 23, 2014 motion for judgment, the Kleslas emphasized that under the lease, an award of fees was mandatory. Contractual attorneys' fees must be pleaded and proved like any other contract claim, as part of the proponent's case in chief. *Taylor v. Security Nat'l Bank*, 20 Ariz.App. 504, 508, 514 P.2d 257, 261 (1973); *Arizona Attorneys' Fees Manual* § 3.8 (Bruce Meyerson & Patricia K. Norris eds., 4th ed. 2003).

On this point we do not agree with, and do not follow *Keg Restaurants Ariz., Inc. v. Jones*, 240 Ariz. 64, 375 P.3d 1173, 2016 WL 3101794 (App. 2016), which misreads our opinion in *Robert E. Mann Construction Co. v. Liebert Corp.*, 204 Ariz. 129, 60 P.3d 708 (App. 2003). In *Mann* we held that, *because* a claim for contractual attorneys' fees is part of the damages for breach, such fees must be pleaded and proved. 204 Ariz. at 133, ¶ 12, 60 P.3d at 712. The panel in *Keg* erroneously reads this to mean that contractual fees must be pleaded and proved only *"when* attorneys' fees are treated as damages." 240 Ariz. at ——, ¶ 56, 375 P.3d at 1188, 2016 WL 3101794 at ¶ 56. The error is compounded by reference to several cases in which fees were not treated as contract damages. *Id.* (citing *City Center Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 344 P.3d 339 (App. 2015), which in turn cites *U.S. Fidelity & Guar. Co. v. Frohmiller*, 71 Ariz. 377, 227 P.2d 1007 (1951); *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 273 P.3d 668 (App. 2012); *Proctor v. Parada*, 145 Ariz. 203, 700 P.2d 901 (App. 1985)). Neither *Keg*, nor *City Center*, nor those cases cited in *City Center* involved contractual attorneys' fees. Because it is wrong, we disregard this holding in *Keg*.

If, as Kleslas complain, they did not get the award of contractual fees they say they wanted from the arbitrator, their remedy was to appeal the arbitration award. They did not do so. Although the arbitrator purported to award the Kleslas fees and costs subsequent to the December 2013 award (pursuant to A.R.S. §§ 12–341.01 and 12–341), the arbitrator had already been divested of jurisdiction. *See Phillips v. Garcia*, 237 Ariz. 407, 411–12, ¶ 14, 351 P.3d 1105, 1109–10 (App. 2015) ("[O]nce the arbitrator signs the award, he or she is divested of further jurisdiction.") (citation omitted).