# Fiat Motor Company of Pennsylvania *v.* North Broad Street Realty Co., Appellant.

*Landlord and tenant—Rent—Refusal of tender—Affidavit of defense—Replevin.*

Where in an action of replevin by a tenant against his landlord to recover property alleged to have been wrongfully distrained for rent, it appears that under the lease the tenant agreed "to keep the rear building reasonably warm during cold weather for which the lessor agrees to pay one-half of the coal bill monthly," and that tender was made by the lessee of the amount of the monthly rental less one-half of the monthly coal bill, an affidavit of defense will not bar judgment which merely avers that "for the purpose of keeping its books, the defendant corporation required payment in full of the rent and would have then paid for the coal with its own voucher."

In such a case the plaintiff is not obliged to bring into court the amount of rent admitted to be due.

Argued Dec. 15, 1914.    Appeal, No. 259, Oct. T., 1914, by defendant, from order of C. P. No. 5, Philadelphia Co., June T., 1914, No. 4447, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Fiat Motor Company, of Pennsylvania, v. North Broad Street Realty Company, Landlord, and W. L.

36 FIAT MOTOR CO. *v.* NORTH BROAD ST. R.CO., Appel.

Assignment of Error—Opinion of the Court. [61 Pa. Superior Ct.

Stocker, Constable. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Replevin for goods alleged to have been wrongfully distrained.

The opinion of the Superior Court staets the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Fred S. Drake,* of *Weaver & Drake,* for appellants. cited: Pershing v. Fineberg, 203 Pa. 144; Gallagher v. Burke, 5 Kulp 392; Lyon v. Houk, 9 Watts 193.

*Henry W. Schorr,* with him *Horace Stern* and *Morris Wolf,* for appellee, cited: Nichols v. Jones, 166 Pa. 599; Cosgrave v. Hammill, 173 Pa. 207; Schaeffer v. Coldren, 237 Pa. 77.

OPINION BY TREXLER, J., October 11, 1915:

Under the terms of the lease between the parties the lessee agrees, "to keep the rear building reasonably warm during cold weather for which the lessor agrees to pay one-half of the coal bill monthly." The lessee used coal to the value of $125, and subsequently tendered its check for the amount of the rent then due less one-half of the above sum, to wit, $62.50. The lessor declined to accept the check. In its affidavit of defense but one reason is given for its refusal. It was declined not because it was not a legal tender but that, "for the purpose of keeping its books, it required payment in full of the rent and would have then paid for the coal with its own voucher." The defendant had a right to adopt any system of bookkeeping it chose, but it had no right to impose its methods on the tenant. The reason given for the refusal of the check is captious. If the tenant had the right to deduct the coal bill from the rent, no mere whim of the defendant as to the method to be employed

in the transaction could deprive the tenant of such right. That it had the right of deduction can hardly be questioned. It was entitled to be paid one-half of the coal bill by the provisions of the very lease under which the landlord seeks to recover its rent. When, therefore, the landlord, after tender of the just amount due it, distrained for the whole rent and seized the tenant's property, it did something which it had not the legal right to do and the affidavit of defense in this case gives no valid reason to excuse its act or to require a trial of controverted facts.

The appellant contends that before the plaintiff is entitled to judgment, it should bring into court the amount of rent admitted to be due. We cannot agree to this proposition. The action of replevin is a possessory action and was stated by Brother HENDERSON in Drumgoole v. Lyle, 30 Pa. Superior Ct. 463, "If the plaintiff's title be clearly and fully set forth with an averment of wrongful dispossession, the defendant must meet this prima facie showing by setting forth in his affidavit of defense facts sufficient to justify his retention of the property." This is the issue trying and we know of no reason why a tender of the rent once made must be continued. Although the defendant has been defeated in this proceeding, it may pursue any proper remedy it may hereafter choose for the recovery of its rent and the judgment in this suit will in no wise preclude it.

Judgment affirmed.