308 P.2d 251

WILHORN BUILDERS, Inc., a corporation, and Mildred J. Sligh, a single woman, Appellants,

v.

CORTARO MANAGEMENT COMPANY, a corporation, Appellee.

No. 6138.

Supreme Court of Arizona.

March 14, 1957.

Hall, Catlin & Molloy, Tucson, for appellants.

Hymen D. Goldberg and Lawrence Ollason, Tucson, for appellee.

PHELPS, Justice.

Both appellant and appellee (hereinafter referred to as buyer and seller respectively) have filed motions for rehearing or for modification of the decision of this court. The motions for rehearings are denied. All material issues were decided in the original opinion that could have been determined and the cause was remanded to the trial court for it, upon a new trial, to decide the issues we are now called upon to decide. Counsel for buyer expressly urged in its briefs that the cause be remanded for trial on the original complaint in the event we reached the conclusion that seller, by filing its original complaint, had conclusively elected its remedy or to exercise its substantive right to treat the contract with buyer as continuing and to limit its relief to recovery of the amount then due. It is quite patent that the issues we are now requested to decide became material only after our original opinion was handed down.

■ As a reason for seeking a full determination by us of all issues in the case, including those which have become material as a result of our opinion, counsel urge that all the facts are before us and that our acceptance of the task will save a large expense in the retrial of the case in the lower court and prevent a prolixity of litigation. Upon this basis we will consider the issues now remaining to be settled.

■■ We are definitely of the view that, as a matter of law, the buyer's contention that the seller breached its contract by failing to execute and deliver to the escrow

agent a master deed for the entire 120-acre tract at the time the contract was executed, is not sound. This provision constitutes a part of the printed portion of the contract and the buyer agrees in the same portion thereof that he has examined said deed, etc. This, was of course, untrue if the deed had not been executed and indicates an intention on the part of both parties to the contract that the provision which was written into it, providing for a deed for a 20-acre parcel to be executed and delivered to buyer upon payment by it of the installments and accrued interest at the time each installment became due, should be controlling. In any event, it is the law that a special provision written into a contract will prevail over the general provisions thereof, Marshall v. Patzman, 81 Ariz. 367, 306 P.2d 287, and if the written provisions in a contract are inconsistent with printed provisions, the written matter deliberately added by the parties must prevail. Babbitt Bros. Trading Co. v. Marley, 28 Ariz. 589, 238 P. 392; Restatement of the Law, Contracts, Sec. 236(e); Corbin on Contracts, Vol. 3, Part 3, section 548.

We will next consider the legal sufficiency of the tenders made: first, by seller of the deed to the 20 acres, which under the terms of the contract, was required to be delivered upon the payment by buyer of the installment and accrued interest due December 21, 1953, and secondly, the legal sufficiency of the tender made by buyer on March 20, 1954 of the amount due seller on December 21, 1953

In order to do this we must examine the law with respect to the duties of the contracting parties. In a bilateral contract, such as this, the duties of each party thereto are concurrently conditional for the reason that the provisions of the contract require simultaneous performance of the mutual promises. On this subject we quote the following:

"By making proper tender of his own performance at any reasonable time and place, either party can put the other under a duty of immediate performance. Without such a tender, neither party is in default, or guilty of breach of duty. * * *"

Corbin on Contracts, supra, Part 4, sections 663, 629. See, also Glad Tidings Church of America v. Hinkley, 71 Ariz. 306, 311, 226 P.2d 1016. The above applies to the provisions of the instant contract providing for the payment of the amount due December 21, 1953, by the buyer, and the execution and delivery of a deed of conveyance to the 20 acres provided for therein by the seller.

We held in our original opinion that it was the duty of the seller, at its expense, to survey the land and prepare and tender delivery of a deed covering each 20 acres to be conveyed upon the payment by the buyer of each installment and accrued in-

terest provided therein to be made. The seller did not and had not performed his part of the contract in this respect when the first installment was paid and did not comply therewith when the second installment became due on December 21, 1953, nor has it made a valid tender of such a deed to this date.

■ It is true that on March 6, 1954, the seller placed a deed with the Bank of Douglas escrow agent to be delivered to the buyer. But, in doing so it demanded payment of $2,725 plus interest on $10,900 at 6% from December 21, 1952 to December 21, 1953, when, as a matter of fact, interest had been paid on the $10,900 balance to January 2, 1953. It also failed to allow a deduction therefrom for the sum of $183.10, which the buyer had obligated itself to pay for surveying the 20 acres conveyed on December 21, 1952, and for preparing the deed covering same, which we held it was the duty of the seller to pay. This amount was a proper offset on the installment due December 21, 1953. Fiat Motor Co. v. North Broad St. Realty Co., 61 Pa.Super. 35. It was a proper offset for the reason that the expenses of surveying the 20-acre parcels and preparing, executing and the delivery of the deed by seller was implicit in the terms of the contract and an inherent part of the transaction. Therefore, the alleged tender of deed by the seller on March 6 was legally insufficient and, as a matter of law, constituted no tender at all.

It was not a valid tender for the reason that the seller demanded, as a condition of its delivery to the buyer, the payment to it by the buyer, the sum of $3,379, when, as a matter of fact, the buyer owed at the most less than that amount. Peterson v. Central Arizona Light & Power Co., 56 Ariz. 231, 107 P.2d 205.

■ It follows from the above discussion that the alleged tender of deed by the seller to the buyer in its complaint, is likewise legally insufficient for the same reason as above stated, i. e., that the amount demanded as a condition of delivery thereof was excessive to the same extent as the tender of March 6. The seller therefore has not yet put the buyer in default by making a proper tender. Strictly speaking, the action was premature when filed because the seller had not put the buyer in default by making a valid tender, but, to order the case dismissed upon the ground that it was prematurely brought, would prolong litigation and increase expenses which is the very thing the parties hereto are seeking to avoid. This is true for the reason that the seller could then make a valid tender and file another suit. Corbin on Contracts, Sec. 663, supra. We hold that the seller may recover the December 21, 1953 installment and accrued interest to that date upon tender of a proper deed.

■ Concerning the interest allegedly due to the seller we are of the view that,

as a matter of law, the seller's failure to put the buyer in default by making a valid tender, either on March 6 or March 20, does have the effect of making the buyer's tender of March 20, (even if made after action was filed), a valid tender without including any interest on the installment subsequent to December 21, 1953, or costs of filing its action or for attorney's fee. The duty to pay the installment of $2,725, provided in the contract to be paid December 21, 1953, did not arise under the concurrent conditional promises of the contracting parties until the seller made a valid tender of the deed for delivery to the buyer. 30 Am. Jur., Interest, Sec. 46, states that as a general rule interest on money runs from the time when the money comes due and payable unless agreed to the contrary.

Certainly no interest was collectible on the installment of $2,725 until the buyer's duty to pay arose and that duty could not arise until the seller made a valid tender of its deed accompanied by a demand for the amount actually due it. As above stated, the excessive demand made by the seller upon the buyer as a condition of delivery of the deed to it, rendered seller's tender invalid. Had a valid tender of the deed been made by the seller it would have been entitled to interest on the installment due after such tender was made, and the buyer then would have been required to increase its tender to cover such interest and costs of filing action, and attorney's fees if agreed upon.

Therefore, in accordance with the request of both parties litigant, this cause (based upon the original complaint) is remanded to the trial court with directions that it enter judgment; that upon the tender by the Cortaro Management Company to Wilhorn Builders, Inc., of a warranty deed and title policy to the 20-acre parcel of land provided in said contract to be conveyed upon the payment of the installment and accrued interest due on December 21, 1953, the Wilhorn Builders, Inc., shall forthwith pay to Cortaro Management Company the sum of $3,174.06. The above sum constitutes the aggregate of $2,725 installment, plus interest on $10,900 at 6% per annum from January 2, 1953 to December 21 following, in the sum of $632.16, less $183.10 owed by seller to buyer as above stated. Wilhorn Builders, Inc. to recover its costs, both in the Superior Court and in the Supreme Court, for the reasons stated in this opinion.

The trial court is further directed to enter judgment for an attorney's fee to the buyer for services rendered, both in the Superior Court and in the Supreme Court, in such sum as it may find from the evidence to be reasonable.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.