383 P.2d 871

**Rose NASH, dba Amherst-Nash Realty Company, Appellant,**

v.

**Benjamin GOOR and Anne Goor, his wife, Appellees.**

**No. 7010.**

Supreme Court of Arizona.

In Division.

July 11, 1963.

Frederick E. Kallof, Phoenix, for appellant.

Ryley, Carlock & Ralston, by Joseph P. Ralston, Phoenix, for appellees.

UDALL, Vice Chief Justice.

Action was brought to recover a real estate broker's commission allegedly owing for a sale of real property located within

the City of Phoenix. The matter was tried before the court without a jury, and judgment was rendered for defendant. From this the plaintiff appeals principally on the grounds that the evidence does not support the judgment.

 It is elementary to say that this Court is bound by the facts found in the trial court where there is any evidence to support them. Clark v. Ellsworth, 66 Ariz. 119, 184 P.2d 821 (1947). In the case before us, not just a part of the evidence, but all of it, taken together, substantiates the findings of the trial court; and the trial court was justified in finding as a matter of law that plaintiff was not entitled to a real estate commission.[1]

The facts are that on March 7, 1957, plaintiff entered into an "open non-exclusive listing" agreement with defendant to sell a piece of defendant's property. The agreement was given on the supposition that plaintiff had a "hot prospect". Plaintiff then offered the property to the City of Phoenix whose agents refused to deal with plaintiff and would deal only with the owner. Plaintiff, having refused earlier to inform defendant as to the identity of her "prospect", then sent a registered letter to

defendant telling him the City was considering the purchase. Defendant, by return letter, told plaintiff that the City was not plaintiff's prospect and the deal was off. Plaintiff did nothing more after that time. Eventually the City did buy the property. It was then plaintiff came in to sue for her alleged commission.

Other facts complete the story. First, the evidence is uncontradicted that defendant had been negotiating on the property with agents of the City the year before his agreement with plaintiff was made. The plaintiff herself, upon direct examination, testified she had been advised even before defendant's letter to her that defendant had, as much as a year before her agreement, dealt with the City on the property. There was also testimony by others which went uncontradicted that defendant had been dealing with the City and its agents for some time before he gave plaintiff an "open non-exclusive listing." [2]

The evidence supports the Court's finding that the plaintiff did not procure the City of Phoenix as a purchaser. Only if she had procured the City as a purchaser would she be entitled to a commission. See Fink v. Williamson, 62 Ariz. 379, 158 P.2d 159 (1945).

---

1. Plaintiff assigns as an error that this single conclusion of law made by the court applies a wrong rule of law and was contrary to the employment contract. The evidence does not bear out this contention.

2. "Open non-exclusive listings" permit the owner to sell his property to anyone not found by the broker. Miller Cattle Co. v. Chambers, 36 Ariz. 282, 285 P. 277 (1930).

**318**

A second element of the facts is also significant. Plaintiff's listing expired by the terms of the agreement on June 7, 1957. There was a ninety-day period, or until September 7, 1957, during which the broker could receive a commission if a sale resulted with a buyer she had procured during the term of the listing. The evidence is clear and uncontradicted in this case that the escrow instructions were not signed until September 24, 1957, and the sale not consummated until November 7, 1957. Plaintiff argued that the City decided and authorized the purchase on August 19, 1957. The fact is, though, that there was no sale on that date.

The case cited by plaintiff, Bowser v. Sandige, 74 Ariz. 397, 250 P.2d 589 (1952), to justify the granting of a commission after the expiration of the listing period involved a contract which did not provide for a ninety-day recovery period following the end of the listing period. Furthermore, that case allowed recovery after expiration of the listing upon the circumstances that the broker was the "efficient, proximate, and procuring cause of the sale." In the case at bar, the broker was clearly not the procuring cause.

Judgment affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.