402 P.2d 1006

Carl WILLIAMS and Irene Williams,
his wife, Appellants,

v.

C. W. LONG, d/b/a Long's Furniture
Company, Appellee.*

2 CA–CIV 93.

Court of Appeals of Arizona.

June 17, 1965.

* This appeal was filed with the Arizona Sureme Court and assigned that Court's No. 8347. The matter was referred to this court pursuant to § 12–120.23 A.R.S.

Struckmeyer & Whitney, by James A. Struckmeyer, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, by Ozell Trask, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal by Carl Williams, et ux, [defendants below], from a money judgment entered against them in an action brought by plaintiff, C. W. Long, d/b/a Long's Furniture Company, for the purchase price of certain kitchen cabinets and appliances. The case was tried to the court, sitting without a jury.

The principal dispute between the parties is whether there was an agreement that the goods sold would be "factory-fresh" in their original crates or cartons when received by the defendants.

The amended complaint was in three separate and alternative counts: Count One prayed for specific performance for the reason that the equipment in question was unique and there was no adequate remedy at law; Count Two requested relief under A.R.S. § 44–263, subsec. A of the Sales Act which authorizes a seller to maintain an action against a buyer for the purchase price of goods where title has passed to the buyer; in Count Three relief was sought under A.R.S. § 44–263, subsec. C to recover the purchase price where title has not passed but the goods cannot readily be resold for a reasonable price.

At the conclusion of the trial, the court entered judgment in favor of the plaintiff and against the defendants in accordance with Count Two and Count Three of the complaint for the principal sum of $4,202.-83 less the sum of $2,000.00, which was the amount obtained from a court-ordered sale of the merchandise, leaving a net judgment in the sum of $2,202.83 plus costs and $1,-000.00 for reasonable attorney's fees. There is no complaint made on appeal that the court during the pendency of the action ordered the merchandise sold.

A summary of the facts, stated in the light favorable to the decision of the trial court, are:

For some six months prior to Christmas of 1961, salesmen in the plaintiff's store had been aware that the defendants were contemplating a new kitchen in their home. A bedroom was to be revamped into a modern kitchen. From contacts made with these prospective buyers, plaintiff had become aware that Mrs. Williams had a

weakness for pink-colored appliances. With the hope of making a sale, plaintiff ordered a clothes washer and a dryer, pink in color, and had them on his floor by early December 1961. The Williams were not informed that this equipment was ordered for them. Ordinarily the plaintiff did not keep any pink appliances in stock, as there was no demand for them in the Town of Safford, where plaintiff's store is located.

The Williams were finally sold on a complete set of appliances and cabinets for their new kitchen on February 13, 1962. Written orders for the items contained descriptions by standard stock numbers of the manufacturer. Each cabinet, however, was specially made to size after the order was placed, so that the cabinets and appliances would fit into the Williams' new kitchen. The kitchen was pink throughout, and some of the appliances were "special" in that only the front of the appliance was finished in the pink color, the sides being left unfinished because it was to be a "built-in" kitchen. The refrigerator had no ice making capacity because a special ice making machine was ordered.

The plaintiff, who had been in the furniture business in Safford for thirty years, testified that the items ordered could not be readily resold and that he could not return them to the manufacturer. There was no contrary testimony.

When Mrs. Williams learned that the washer and dryer were to be delivered to her from plaintiff's floor, she protested that these were not "factory-fresh," and for this sole reason the delivery of all the merchandise was refused. When plaintiff subsequently specially ordered another washer and dryer which was offered to be delivered to defendants, they were declined unless the plaintiff paid the attorney's fee the defendants had incurred in the interim. This the plaintiff refused to do.

■ The washer and dryer which were on the plaintiff's floor were exactly the color, type, and model ordered by the defendants. It appears undisputed that the units in question were the latest models, had never been used or demonstrated and were in every respect as good as new. The written orders are silent as to whether the merchandise was to be delivered to the buyer in the original cartons in which it was packed by the manufacturer. The plaintiff testified there was no special agreement on this subject. On appeal, this court must accept this version as being correct. Nash v. Goor, 94 Ariz. 316, 383 P.2d 871 [1963].

■■ One of the assignments of error is that when attempt was made by defendants to prove that the goods were agreed to be "factory-fresh," plaintiff's objection was sustained. However, there was no offer of proof made in connection with the testimony so excluded, so that ordinarily no reversible error could be predicated thereon. Rule 43(h) R.C.P. 16 A.R.S. Moreover, later in the trial, defendants' counsel was permitted to go into this subject fully, over objections; therefore any error in this connection was cured. Torosian v. Paulos, 82 Ariz. 304, 313 P.2d 382 [1957].

■ It is also assigned as error that the trial court erred for not having dismissed Count One of plaintiff's amended complaint which prayed for specific performance of the contract, for the reason that the written orders attached to the complaint established that the chattels in question were not unique. We fail to see how the defendants were prejudiced by this error, if in fact it was an error. The judgment granted is expressly stated to be based upon Counts Two and Three, which ask for relief under A.R.S. § 44–263 and not upon Count One which prays for specific performance. The defendants argue that they were prejudiced by the failure to dismiss Count One because in so doing the court deprived them of a jury trial. There is no merit in this contention. A party may have a jury trial on " * * * *any issue* triable of right by a jury * * *" [emphasis added], by making proper demand. Rule

38(b) R.C.P. The reason defendants did not receive a jury trial was because they did not demand one, and failure to demand constitutes a waiver. Rule 38(d) R.C.P.

■ Several assignments of error revolve around the question of whether the written contract between the parties precludes the plaintiff from recovering the purchase price, rather than monetary damages. The defendants contend that these writings having been attached to the pleadings, they controlled over any allegations therein, and that both Counts are therefore bad when attacked by a motion to dismiss. This court believes that if either Count stated a cause of action there is no reversible error in this regard. Mountain States Construction Company v. Riley, 88 Ariz. 335, 356 P.2d 648 [1960].

Counts Two and Three of the complaint are based, respectively, upon two paragraphs contained in A.R.S. § 44–263 which read as follows:

"A. Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglected or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods.

\* \* \* \* \* \*

"C. Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price, and if the provisions of subsection D of § 44–264 are not applicable, the seller may offer to deliver the goods to the buyer, and, if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer. Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price."

■ Defendants contend that relief under the first of the two above quoted paragraphs is precluded by the express provisions of the contract pertaining to the passage of title. A printed portion of the written order reads as follows:

"Contract price to be paid by purchaser in ——— equal monthly installments of $——— on the ——— day of each month, beginning ———, 196—. Title and ownership of said articles described above shall not pass to the purchaser until the contract price has been fully paid."

■ This court holds that the above provision pertaining to the passage of title is controlling. The intent of the parties controls as to when title passes on a sale of personalty. A.R.S. § 44–218. When this intent has been clearly expressed in writing it is controlling. Hamberlin v. Townsend, 76 Ariz. 191, 261 P.2d 1003 [1953].

■■ The handwriting upon the document providing for cash payment rather than payment by installments is controlling over the printed portion. Wilhorn Builders v. Cortaro Management Company, 82 Ariz. 48, 308 P.2d 251 [1957]. However, there is nothing inconsistent between a cash payment and a provision that title not pass until payment is made. To the contrary, this is a fairly common provision and, when so expressed, is binding. 77 C.J.S. Sales § 262, p. 1059. Neither is there anything inconsistent between this provision and the fact that these items were to be attached to realty. As between the parties, at least, their expressed intent as to whether the items would become part of the realty is controlling. 36A C.J.S. Fixtures § 13, p. 621; Fish v. Valley National Bank of Phoenix, 64 Ariz. 164, 170, 167 P.2d 107 [1946].

While the court holds that relief under Count Two of the complaint is untenable, in view of the express provisions of the written contract, it is of the opinion that Count Three is good and that there was sufficient evidence for the court to grant relief thereunder. Under A.R.S. § 44–263, subsec. C there must be a showing [1] that the goods be such that they cannot "read-

ily be resold for a reasonable price," [2] that delivery thereof be offered to the buyer and refused and [3] that the seller notify the buyer that he is holding the goods as bailee for the buyer. There is no contention made here that requirements [2] and [3] were not satisfied, but defendants contend that there is no evidence to support a finding that these goods could not readily be resold. Stress is laid upon the fact that all items were ordered by stock numbers of various manufacturers and that the washer and dryer units were on the plaintiff's floor when sold.

 That this is evidence bearing upon the issue of ready salability cannot be gainsaid. But such evidence is not conclusive. The fact that items are ordered by manufacturer's stock numbers would not necessarily prevent them from being specially constructed. Stock numbers can be in the nature of specifications for work to be done. The fact that the plaintiff demonstrated astute salesmanship in sensing Mrs. Williams' affinity for pink appliances and gambled to some extent on a sale in purchasing samples does not render the merchandise readily salable. The law quoted above does not require that the goods be specially ordered for the particular buyer. Whether there was an available market for the particular goods at a reasonable price is the test. This was a matched set of cabinets and appliances particularly suited for the Williams' bedroom, to be converted into a kitchen. There was evidence that pink appliances have no ready buyers in Safford. There was no contrary evidence. Under these circumstances, this court holds that there was sufficient evidence to support a finding for the plaintiff under Count Three of the complaint. Lannom Manufacturing Co. v. Strauss Co., 235 Iowa 97, 15 N.W.2d 899 [1944].

What has previously been said herein disposes of the remaining assignment of error which attacks the allowance of attorney's fees to the plaintiff. The written provision allowing attorney's fees on recovery is contained in the same paragraph providing that title should remain in the seller until payment had been made for the goods. The defendants rightfully pointed out that the plaintiff could not avoid this paragraph in some of its provisions and claim its benefits in other respects. However, the court has held that this paragraph is binding, and this would include the provision as to attorney's fees. When attorney's fees are provided for in an agreement, they may be recovered. Colvin v. Superior Equipment Company, 96 Ariz. 113, 122, 392 P.2d 778 [1964].

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.