503 P.2d 821

**Clifford D. HARRIS, Appellant,**

v.

**Kenneth Robert MURCH and Barbara June Murch, his wife, Appellees.**

**No. 1 CA–CIV 1531.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 30, 1972.

Rehearing Denied Dec. 29, 1972.

Review Denied Jan. 30, 1973.

Hughes, Hughes & Conlan, by John C. Hughes, Phoenix, for appellant.

Johnson, Tucker & Jessen, by Kenneth L. Tucker, Phoenix, for appellees.

CASE, Judge.

This appeal is from a judgment and an order denying a motion for a new trial wherein the jury verdict was in favor of defendants-appellees and against plaintiff-appellant. The parties herein will be referred to as they appeared in the trial court.

The pertinent facts viewed in a light most favorable to sustaining the judgment are as follows:

On 20 February 1968, plaintiff, while on his way home from work, was involved in a chain collision accident. As part of his normal route home, plaintiff took the freeway to Northern Avenue. Upon reaching

the freeway access road, plaintiff found four or five cars stopped ahead and was compelled to bring his own vehicle to a complete stop. An additional car stopped behind plaintiff. Within a few seconds, plaintiff heard a crash and almost simultaneously felt his car being hit. The force of impact caused plaintiff's seat to be sheared from its moorings and also resulted in plaintiff's car hitting the vehicle immediately in front of him.

The evidence indicated that there were four cars involved. The first car, driven by defendant, hit car number two which in turn struck plaintiff's car which then struck the fourth car. There were approximately 75 feet of skid marks. Defendants' car received front-end damage; plaintiff's car and the second car received both front and rear-end damage, while the fourth car received only rear-end damage.

Defendant testified at trial that he was driving approximately 30 to 35 miles per hour before the collision and had been distracted by another car to his right. Defendant testified that the accident was his fault.

Plaintiff filed suit against defendants seeking to recover damages for alleged personal injuries sustained as a result of the accident. After two days of trial, the jury returned its verdict in favor of defendants and against plaintiff. A motion for new trial was timely filed, which was denied by the trial court, and this appeal followed.

Plaintiff raises two questions.

1. Was there any substantive evidence in this case by which the jury verdict could be justified?

2. Did the trial court err in the refusal of certain requested instructions?

We will address ourselves to the questions in the order presented.

The main thrust of plaintiff's first contention is that the evidence in the case was so overwhelmingly in favor of the plaintiff that the jury verdict, finding for the defendants, must have been based upon bias and

prejudice and should therefore be set aside. However, plaintiff presents no argument in support of this proposition. We must therefore examine the record to determine if there is sufficient evidence to support the jury verdict.

It is well settled that a jury verdict should not be set aside if there is any substantial evidence to support it. Similarly, in order for this Court to set aside the order of the trial court denying plaintiff's motion for a new trial, the burden is upon the party seeking to overturn the ruling to show that the trial court abused its discretion. McCarthy v. Kenosha Auto Transport Corp., 2 Ariz.App. 620, 411 P.2d 58 (1966). Our Supreme Court has stated that the sanctity of a jury verdict increases after it has been approved by the trial court:

"After the trial judge has given the verdict his approval by denying a new trial, we must accept the verdict as a final and conclusive finding of the facts, if there is any substantial evidence to support it, and it will not be disturbed on appeal." Scott v. Scott, 75 Ariz. 116, 122, 252 P. 2d 571, 575 (1953).

This is true even though we might have reached a different conclusion than the jury had we been the trier of fact. We are bound by the facts as found in the trial court where there is any evidence to support them. Nash v. Goor, 94 Ariz. 316, 383 P.2d 871 (1963).

Plaintiff is not only required to prove that the accident was the fault of the defendant but that the injuries, if any, sustained by the plaintiff were proximately caused by the accident. It is apparent from a reading of the transcript herein that the jury chose to believe that plaintiff's alleged injuries were not causally related to the accident. As we stated in the case of Nutter v. Bechtel, 6 Ariz.App. 501, 433 P.2d 993 (1967), the credibility of the witnesses and the weight to be given their testimony are matters peculiarly within the province of the jury. It is obvious that the jury chose to believe the testimony of

**468**

two physicians, one of whom stated that he could not answer yes or no as to whether or not the plaintiff's injuries were the result of the accident and the second stated categorically that the accident had nothing to do with plaintiff's complaints. Plaintiff has the burden of proof as to proximate cause and it is apparent that the jury did not feel that he had carried this burden of proof. It is interesting to note that plaintiff made no motion for a directed verdict on liability at the close of the case and therefore this Court can only speculate as to what the jury verdict might have been had such a motion been made and granted.

■ Plaintiff next complains of the refusal of the trial court to instruct the jury as to the provisions of A.R.S. § 28–701, subsec. E, which reads as follows:

"The driver of every vehicle shall, consistent with the requirements of subsection A, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Plaintiff, however, fails to cite any authority or to set forth any argument supported by the record to justify the giving of this instruction. As a consequence, we deem that assignment of error as abandoned.

■ Plaintiff next urges that the trial court erred in not instructing the jury in accordance with his requested instruction No. V, which reads as follows:

"You are instructed that it is the duty of the driver of any vehicle using a public street or highway to exercise ordinary care to avoid placing himself or another person in danger; to use like care to avoid an accident from which injury might result; to be vigilant at all times, keeping a lookout for traffic and other conditions to be reasonably anticipated;

and to keep the vehicle under such control that, to avoid a collision with any person or with any other object, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position."

A review of all of the instructions given by the trial court satisfies us that this requested instruction was adequately covered by the other instructions that were given.

The judgment is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.