621 P.2d 41

M. P. EARVEN and Mary Alice Earven, husband and wife, Plaintiffs/Appellants,

v.

Eldon L. SMITH and Vera C. Smith, husband and wife, and Transamerica Title Insurance Company, a corporation, Defendants/Appellees.

M. P. EARVEN and Mary Alice Earven, husband and wife, Plaintiffs/Appellees,

v.

Eldon L. SMITH and Vera C. Smith, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 3341.

Court of Appeals of Arizona, Division 2.

Oct. 15, 1980.

Rehearing Denied Nov. 25, 1980.

Review Denied Dec. 16, 1980.

Michael A. Carragher, Safford, for plaintiffs/appellants/appellees.

Goldbaum & Goetz, P. C. by Dean A. Sipe, Tucson, for defendants/appellees/appellants, Smith.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendant/appellee, Transamerica.

## OPINION

HATHAWAY, Chief Judge.

Appellees, M. P. and Mary Alice Earven (Earven) instituted this action against appellants Eldon L. and Vera C. Smith (Smith) to recover an amount due under a promissory note given as part of a land sales agreement. Later, the appellees amended their complaint to allege a cause of action against the escrow holder, Transamerica Title, and to seek rescission of the land sales agreement with Smith. Earven also sought recovery for an alleged conversion of his cattle by Smith. Following a judgment rescinding both the land and cattle sales agreements, Smith appeals.

Early in 1977, Smith learned that the Earven ranch in Graham County was for sale. The parties went to a Transamerica Title Insurance Company office in Safford and executed an escrow agreement. Under the terms of the agreement, Smith deposited $5,000 in earnest money and agreed to deposit an additional $95,000 cash payment on or before closing. The balance was to be paid in installments. The parties also signed a deed, to be recorded at closing. A separate agreement was reached concerning the sale of Earven's cattle.

Within the next few days, Smith discovered he could not obtain the $95,000 before closing. Earven gave Smith an extension on the closing date in exchange for a promissory note for $95,000. The trial court found that the note was given to extend the closing date and not in lieu of cash to close the escrow. Additionally, the court found that the deed was not to be recorded upon Smith signing the note. Nevertheless, the escrow agent recorded the deed a few days later. Smith defaulted on the note when it became due on May 18, and on the same day Earven learned the deed had already been recorded.

On May 20, 1977, Earven instituted this action on the note. The complaint did not refer to the land sales agreement. On July 25, Earven filed an amended complaint adding Transamerica Title as a party and again calling for payment of the note. On September 15, Earven filed another amended complaint in four counts. Count one alleged a breach of the escrow agreement by Smith and Transamerica Title. Count two alleged negligence on the part of Transamerica Title. Count three called for payment of the note. Count four alleged

Smith had converted Earven's cattle by not allowing Earven to remove them from the ranch. The September complaint was entitled "Contract–Recission (sic)." Counts one and two called for a reconveyance of the ranch to Earven.

Smith's answer included the affirmative defense that Earven had "adopted inconsistent remedies." Smith also counterclaimed for specific performance of the contracts.

The trial court found, inter alia, that Earven had done everything required to complete the sale of the ranch and the cattle, and that Smith had not. Judgment was entered rescinding the cattle and ranch contracts, nullifying the promissory note, and returning all funds in escrow to the parties. Judgment was also entered against Transamerica Title.[1]

Appellants assert that Earven elected to affirm the cattle and ranch contracts and therefore cannot seek rescission, that Earven has no equitable standing to seek rescission, and that the trial court's findings of fact were clearly contrary to the evidence presented at trial.

### THE RANCH CONTRACT

The issue which is dispositive of this appeal is whether suing on a promissory note given as part of a land sales agreement constitutes an election to affirm that agreement, barring a later claim of rescission. Under the circumstances of this case, the answer is no.

■ Upon breach of a contract, the aggrieved party has three remedies: (1) rescission, (2) refusal to recognize the breach and an action for performance, and (3) treating the breach as terminating the contract and a suit for damages. *Weatherford v. Adams*, 31 Ariz. 187, 251 P. 453 (1926). Earven was faced with these remedies when he discovered Smith had breached the agreement on May 18, 1977. He chose to

sue on the promissory note. The question is whether filing suit under these circumstances constituted a conclusive election of substantive rights.

■ It has been recognized that courts are not in harmony as to what constitutes an election of remedies. *Wilhorn Builders, Inc. v. Cortaro Management Co.*, 81 Ariz. 381, 307 P.2d 94, reh. 82 Ariz. 48, 308 P.2d 251 (1957). Some courts hold that the mere filing of an action constitutes a conclusive election of remedies, while others hold the election is conclusive only after it is prosecuted to judgment or some elements of estoppel are present. See Annot., 6 A.L. R.2d 10 (1949); *Wilhorn Builders, Inc. v. Cortaro Management Co.*, supra. In *Wilhorn*, the suit on an installment in a land sales contract was held to be a conclusive election to affirm the contract and sue for damages, barring forfeiture.

The *Wilhorn* court, however, was construing express contract provisions unique to the parties therein, and the case may be distinguished on that ground. See *Van Waters & Rogers, Inc. v. Interchange Resources, Inc.*, 14 Ariz.App. 414, 484 P.2d 26 (1971). Arizona's Rules of Civil Procedure specifically sanction inconsistent pleading. 16 A.R.S., Rules of Civil Procedure, rule 8(f)(2). Relying on this rule, our Supreme Court has stated that "a person cannot be forced to elect in advance at his peril upon what theory or remedy he will proceed until the conclusion of the trial." *Edward Greenband Enterprises of Arizona v. Pepper*, 112 Ariz. 115, 117, 538 P.2d 389, 391 (1975). Earven had clearly elected rescission as his remedy before the end of the trial. The commencement of his action on the note was not a conclusive choice of the damages remedy and the trial court properly allowed Earven to elect rescission at trial. *Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc.*, 74 N.M. 458, 394 P.2d 978 (1964); *Venn–Severin Machine Co. v. John Kiss Sons Textile Mills, Inc.*, 2 F.R.D. 4 (D.N.J.1941).

---

1. Transamerica Title has not appealed from the judgment entered against it. A new trial is pending on the issue of damages against Transamerica pursuant to 16 A.R.S., Rules of Civil Procedure, rule 59(i). Transamerica is a party to Earven's appeal concerning the award of attorney's fees, discussed infra.

Secondly, appellants assert that rescission is not proper because their breach, if any, of the ranch contract was trivial and that rescission cannot be granted because Earven did not tender full performance. Contrary to appellants' arguments, their breach in defaulting on the note on closing day was substantial and gave Earven standing to seek rescission. Earven notified Smith promptly that he considered the note past due, and despite this notice of default, appellants admit they were not ready to perform until late July. Time may be made of the essence after breach of the contract by reasonable notice to the person in default to perform. *Anderson v. Nelson*, 38 Wis.2d 509, 157 N.W.2d 655 (1968). In *Anderson*, a 20–day delay in performance was considered sufficient to justify rescission. Appellants herein could not perform until at least two months following suit on the note. Earven never accepted payment and did not waive the breach.

We defer to the trial court's findings of fact that Earven did everything he was required to do to sell the ranch and the cattle in rejecting appellants' argument that Earven could not seek rescission because he did not tender full performance. There was evidence that Earven could have tendered clear title to the ranch and cattle had he received assurances that Smith would be able to close.

Finally, appellants argue that the court's findings of fact that Earven had done everything required to complete the ranch and cattle sales and that Smith had not were clearly contrary to the evidence presented at trial. These findings which were based on the jury's answers to written interrogatories, are supported by credible evidence and this court will not disturb them. *Fousel v. Ted Walker Mobile Homes, Inc.*, 124 Ariz. 126, 602 P.2d 507 (App.1979).

## THE CATTLE CONTRACT

The trial court was also justified in rescinding the cattle contract. Even though Earven did not specifically seek rescission in count four of his amended complaint dealing with the cattle contract, our Rules of Civil Procedure provide that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." 16 A.R.S., Rules of Civil Procedure, rule 54(d). The land and cattle sales contracts, though separate agreements, are necessarily interrelated in that both land and cattle are required for a working ranch. Since the land contract was properly rescinded, it would have been illogical to award Earven damages for conversion while awarding Smith the cattle.

## ATTORNEY'S FEES

Earven has also appealed questioning the trial court's award of $3,000 against Smith and $1,000 against Transamerica Title as attorney's fees.

Earven first argues that the trial court erred in ruling that attorney's fees could not be awarded as an element of damages against Transamerica Title. We agree. Under the narrow facts of this case, when a paid escrow holder has negligently made it necessary for a vendor to file an action against his vendee, attorney's fees incurred by the vendor in prosecuting his action are recoverable as an item of the vendor's damages in an action against the escrow holder. *Prentice v. North American Title Guaranty Corp.*, 59 Cal.2d 618, 381 P.2d 645, 30 Cal.Rptr. 821 (1963); see, also, *United States Fidelity & Guaranty Co. v. Frohmiller*, 71 Ariz. 377, 227 P.2d 1007 (1951). In the pending new trial on the issue of damages as to Transamerica Title, Earven may present evidence regarding his attorney's fees incurred in prosecuting his action against Smith. As the *Prentice* court makes clear, however, Earven may not recover attorney's fees for his action against Transamerica Title as an item of damages under this special rule. In an ordinary two–party lawsuit, attorney's fees may only be awarded where an agreement provides for them or when authorized by statute. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119 (1974).

**358**

Secondly, Earven argues that the $4,000 awarded as attorney's fees pursuant to A.R.S. Sec. 12–341.01 was an abuse of discretion because there was proof that at least $22,000 in fees had been incurred. The granting of attorney's fees to the prevailing party in a contested contract action under this section is permissive and discretionary with the trial judge. *Title Insurance Co. of Minnesota v. Acumen Trading Co.*, 121 Ariz. 525, 591 P.2d 1302 (1979). There were many factors present in this case which could limit the award of attorney's fees. We will not interfere and affirm the trial court's award pursuant to A.R.S. Sec. 12–341.01.[2]

Transamerica Title contends that escrow instructions are not a contract, and that therefore no attorney's fees can be awarded against it under the statute. The essence of the claim by Earven against Transamerica is negligence, and A.R.S. Sec. 12–341.01 has no application. *Amphitheater Public Schools v. Eastman,* 117 Ariz. 559, 574 P.2d 47 (App.1977). Thus, Earven may not recover attorney's fees against Transamerica pursuant to the statute.

The judgment rescinding the land and cattle contracts is affirmed. The award of attorney's fees against Smith pursuant to A.R.S. Sec. 12–341.01 is affirmed. The award of attorney's fees against Transamerica Title pursuant to A.R.S. Sec. 12–341.01 is reversed. The portion of the judgment denying attorney's fees as an item of damages against Transamerica Title is reversed.

HOWARD and RICHMOND, JJ., concur.

---

**2.** We have held Transamerica Title is liable for Earven's attorney's fees in prosecuting his action against Smith. The amount of attorney's fees assessed as an item of damages against Transamerica at the new trial must be offset by the $3,000 in fees already awarded Earven for his action against Smith under A.R.S. Sec. 12–341.01.