767 P.2d 56

**Judith ROBERTS, a single woman, Plaintiff/Appellant,**

v.

**KINO COMMUNITY HOSPITAL, an Arizona Corporation; Donna Vaga, RN; Mark Peterson, MD; S. Mead, RN; Robert Hawkins, MD; John Doe; Individuals 1–5; Jane Doe; Individuals 1–5; Davol, Inc.; C.R. Bard, Inc.; and Pharmacia, Inc., Corporations, Defendants/Appellees.**

**No. 2 CA-CV 88-0174.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 29, 1988.

(3) if A.R.S. § 12–349(C) is not applicable, are attorney's fees recoverable in a non-contract action?

## FACTS

Roberts entered the hospital on December 18, 1986. While in the hospital, she was administered chemotherapy medication after insertion of a portable catheter device for that purpose. As a result of treatment on December 30, 1986, Roberts suffered tissue death in her left breast resulting in its removal on February 5, 1987. She filed an action for damages alleging that the injury was a direct result of a defective product and/or the failure to properly administer and maintain the device once implanted. Roberts' complaint filed June 22, 1987, named Davol, Inc. (Davol) and C.R. Bard, Inc. (Bard) as corporate defendants, as well as XYZ Corporations 1–10. Count one of the complaint alleged that Roberts had been administered chemotherapy medication on December 30, 1986, through a Davol Bard Hickman subcutaneous port, lot number 41J6DK10.

The first amended complaint naming Pharmacia was filed on July 16, 1987. Count one alleged that Pharmacia "might be the manufacturer or supplier" of the device in question, and in Count four, that Pharmacia negligently transported and placed it in the stream of commerce acting on behalf of itself and as agent for Bard. Defendants Davol and Bard answered on September 29, 1987, that they manufactured a product which might be similar to the product described in appellant's first amended complaint. On October 21, 1987, Pharmacia filed a motion to dismiss on the grounds that the court lacked jurisdiction and that the action was brought without cause. The motion included an affidavit of Pharmacia's counsel on information and belief that the device in question was neither Pharmacia's product nor distributed by it, and furthermore, that it was manufactured and distributed by a competing company. A supplemental testimonial affidavit of Pharmacia's sales manager reaffirming the statements in the October 21 affidavit was filed with the court on November 9, 1987.

Rabinovitz & Associates by Bernard I. Rabinovitz, Tucson, for plaintiff/appellant.

Molloy, Jones & Donahue, P.C. by John F. Molloy and Janet C. Bostwick, Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

Appellant Judith Roberts (Roberts) appeals from a judgment awarding attorney's fees in the amount of $3,014.50, pursuant to A.R.S. § 12–349(C), to appellee Pharmacia, Inc. (Pharmacia), after a hearing on Pharmacia's motion to dismiss for lack of jurisdiction from Roberts' action to recover damages for personal injury, product liability and medical malpractice. Appellant presents the following issues on appeal: (1) the court erred in granting attorney's fees based on A.R.S. § 12–349(C); (2) the amount of the award is unreasonable, and

On October 29, 1987, discovery was initiated by Roberts to conclusively determine whether Pharmacia was indeed the manufacturer of the catheter device. Answers to interrogatories were received December 8, 1987, clearly indicating that Pharmacia was neither the manufacturer nor the distributor of the catheter device. Roberts' counsel telephoned Pharmacia's counsel on December 10 and 11 offering to dismiss by stipulation. Pharmacia's counsel was unavailable due to a family illness, and the matter proceeded to hearing on Pharmacia's motion to dismiss on Monday, December 14, 1987. The court heard arguments, granted Pharmacia's motion to dismiss and awarded costs and reasonable attorney's fees upon filing of a claim and affidavit of fees and costs, which was filed December 21, 1987. On December 29, 1987, Roberts' counsel filed an objection to form of judgment. The court overruled Roberts' objection and found that the award of attorney's fees and costs was made pursuant to A.R.S. § 12–349 for the reason that after November 6, 1987, Roberts' claim was without substantial justification, and it was unreasonable that Roberts' offer of dismissal was not made until December 10, 1987.

### AWARD OF FEES UNDER
### A.R.S. § 12–349

Attorney's fees may only be awarded by statute. *Earven v. Smith,* 127 Ariz. 354, 621 P.2d 41 (App.1980). A.R.S. § 12–349(A) provides for an award of attorney's fees "if the attorney or party does any of the following: 1. brings or defends a claim without substantial justification." Subsection (C) excepts such an award "if after filing an action a voluntary dismissal is filed ... within a reasonable time after the attorney or party filing the dismissal knew or reasonably should have known that the claim or defense was without substantial justification." A.R.S. § 12–349(C). Roberts contends that the telephonic offer on December 10 to voluntarily dismiss by stipulation was within a reasonable time after she knew conclusively that Pharmacia should not be in the case. Accordingly, she argues that the court erred in awarding attorney's fees under A.R.S. § 12–349(C).

#### a. Without substantial justification

A.R.S. § 12–349(F) defines the phrase "without substantial justification" to mean a claim which constitutes harassment, is groundless and not made in good faith. Roberts asserts that Pharmacia is one of the leading manufacturers of portable catheter devices and that gave rise to a reasonable belief that it was the manufacturer of the device implanted in her. Until Davol and Bard's interrogatory answers on December 8 confirmed Pharmacia's affidavits, Roberts argues the claim against Pharmacia was not groundless, harassing or in bad faith, and thus the court erred in finding that Roberts' claim was without substantial justification after November 6, 1987.

Roberts argues that the device was very new at the time and every effort was made to determine whether it was manufactured or distributed by the known leader in the field, Pharmacia. Medical records referred to the device as a "portacath". Pharmacia manufactured a catheter under the trade name "Port-A-Cath." The actual device was not available until October 27, after having been subpoenaed. Roberts wished to pursue further limited discovery at that time. The results of that discovery were Davol/Bard's December 8 interrogatory answers. Under this view of the facts and law, it was not reasonable for the trial court to find Roberts' claim without substantial justification after receipt of the November 6 letter and affidavit. Roberts was not obligated to rely upon Pharmacia's own statement that the implanted device was not manufactured or distributed by it without further limited discovery. It is a violation to bring a meritless claim under Ariz.R.S.Ct. 42, E.R. 3.1 17A A.R.S. In pertinent part, the comment to E.R. 3.1 reads: "The filing of an action or defense ... is not frivolous merely because facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery." See also *Bird v. Rothman,* 128 Ariz. 599, 627 P.2d 1097, cert. den. 454 U.S. 865, 102 S.Ct. 327, 70 L.Ed.2d 166 (App.1981).

**b. Reasonable time**

■ Was Roberts' telephonic offer to voluntarily dismiss within a reasonable time after learning the claim was unjustified? A.R.S. § 12–349(C). Having determined that Roberts' claim was justified until she received the interrogatory answers, we find that her immediate attempt to dismiss on December 10 and the trial court's subsequent granting of Pharmacia's motion to dismiss at the December 14 hearing was within a reasonable time.

### REASONABLENESS OF FEES IN NON-CONTRACT ACTION

In view of our holding, we do not reach the issue of reasonableness of the award below. Attorney's fees may only be awarded by statute. *Earven v. Smith*, supra. A.R.S. § 12–349 is the Arizona statute which provides for attorney's fees in this case. We have found such an award improper.

### ATTORNEY'S FEES AND COSTS ON APPEAL

Roberts has requested attorney's fees and costs on appeal. Costs are awarded to Roberts; the parties shall bear their respective attorney's fees on appeal.

REVERSED.

LIVERMORE, P.J., and HOWARD, J., concur.